RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 082760
lruss@raklaw.com
Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Timothy M. Baumann, State Bar No. 322982
tbaumann@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
MATISSE FOOTWEAR, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATISSE FOOTWEAR, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STYLELINE STUDIOS INTERNATIONAL LTD., D/B/A J/SLIDES, D/B/A J/SLIDES NYC, a Chinese corporation; and JSL STUDIOS INTL LLC, D/B/A J/SLIDES, D/B/A J/SLIDES NYC, a New York limited liability company,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT, 15 U.S.C. §1125(a)(1)(A);<br>2. COMMON LAW TRADEMARK INFRINGEMENT;<br>3. FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION IN VIOLATION OF LANHAM ACT, 15 U.S.C. §1125(a)(1)(A);<br>4. FEDERAL UNFAIR COMPETITION; AND<br>5. UNFAIR COMPETITION UNDER CALIFORNIA STATUTE AND COMMON LAW.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Matisse Footwear, Inc. ("Plaintiff" or "Matisse") as and for its complaint against Defendant Styleline Studios, Ltd., d/b/a J/Slides and J/Slides NYC and JSL Studios Intl LLC, d/b/a J/Slides and J/Slides NYC (collectively, "J/Slides" or "Defendants"), alleges as follows:

1. This case arises from Defendants' intentional infringement and violation of Plaintiff's protected trademark.

## The Matisse Story

2. Matisse is a national footwear company that has designed and marketed a broad range of women's footwear products since 2001. Since Matisse launched, it has expanded to three collections each season: Matisse, Coconuts by Matisse, and Beach by Matisse. Each collection showcases the aesthetic and craftsmanship for which Matisse is known. Each brand is sold at better department stores such as Nordstrom, Bloomingdales, Macy's; specialty chains such as Anthropologie, Free People, and Boot Barn; large retail chains, such as DSW, TJMaxx, and Kohls; and over 2,000 boutiques nationwide. Matisse products are also distributed in Canada, Australia, Japan, France, Turkey, and the United Kingdom; and through its rapidly growing direct-to-consumer business.

3. Matisse is recognized not only for the value-quality, craftsmanship, and artisanal touches of each of its footwear collections, but also for its emphasis on socially conscious production. Matisse produces footwear in five countries, where most factories are family-owned and operated. During its partnerships with those manufacturers, Matisse socially audits their factories to ensure workers are compensated and treated fairly based on the high standards set by Matisse. Matisse also strives to source sustainable and reusable materials for its footwear collections, including by using recycled leathers and textiles wherever possible. Matisse uses technological advances to reduce watershed waste and nominated tanneries in order to produce stylish, artisanal products using cleaner and greener methods.

4. In that vein, Matisse launched a number of high-quality footwear collections.

5. In 2019, Matisse began marketing and distributing a women's footwear collection under the BEACH BY MATISSE mark (the "BEACH Mark"). Footwear products sold under the BEACH Mark are affixed with the following mark:

RUSS, AUGUST & KABAT

# BEACH
BY Matisse

6. Consumers responded to the BEACH Mark footwear collection with wild enthusiasm. Since 2019, Matisse has sold millions of dollars of footwear products in the United States, Australia, Canada, Mexico, the United Kingdom, and across the European Union.

7. The BEACH Mark product line further enhanced Matisse's goodwill and reputation and solidified its place in the industry as an innovative designer.

8. Footwear products sold under the BEACH Mark come in a variety of styles, a sampling of which is pictured below:



9. Matisse also invested time and money in advertising the women's footwear collection sold under the BEACH Mark, a sampling of which is pictured below:



10. Since its introduction in 2019, Matisse's footwear collection under the BEACH Mark has been featured in numerous publications. As an example, attached hereto as **Exhibit "A"** is a true and correct copy of an article from Entertainment Tonight, dated March 6, 2020, featuring the Palm Platform Slide Sandal, affixed with the BEACH Mark, as one of "The Best Spring Shoes for 2020."

11. As a result of Matisse's success marketing the BEACH Mark, and selling BEACH BY MATISSE products through well-known retailers, including Nordstrom, Ross, Free People, and TJX, the public associates the BEACH Mark solely with Matisse.

12. Given its popularity and success, Matisse has applied to register the BEACH Mark with the United States Patent and Trademark Office, under App. No. 90/865,302 and App. No. 90/865,324 for footwear in Class 25.

13. Matisse's success was noted by its competitors and would-be competitors alike.

14. J/Slides is a longtime competitor of Matisse. J/Slides and Matisse offer similar leisure/women's footwear at similar pricing to the same customers through identical marketing channels (including appearing at the same trade shows).

15. On information and belief, Defendants watched Matisse's ascendancy with interest and consciously and willfully hatched a scheme to copy its success by, among other things, introducing its own collection of women's footwear through J/Slides using a mark substantially identical to the BEACH Mark (the "Infringing Products").

16. Below is a comparison of Matisse's BEACH Mark with J/Slides' BEACH BY J/SLIDES mark (the "Infringing Mark"):

| Matisse's BEACH Mark | J/Slides' Infringing Mark |
|---|---|
| BEACH BY Matisse | BEACH by J/SLIDES |

17. Below is a comparison of Matisse's footwear collection bearing the BEACH Mark with a sample of J/Slides' products, which Matisse is informed and believes are likely to bear substantial resemblance to the Infringing Products:

| Matisse's Product Sample | J/Slides' Product Sample |
|---|---|
| | |
| | |
| | |

18. Matisse first become aware of Defendants' infringing activity when Michael Katz ("Mr. Katz"), the founder of Matisse, was informed by his colleagues in the industry that Defendants issued a press release announcing the launch of the Infringing Products using the Infringing Mark at FFANY, a tradeshow frequented

by customers of Matisse. Numerous customers of Matisse, including IBIZA, Mod and Proper, Cutworks, Soul Shoetique, and Pursona, subsequently contacted Mr. Katz and expressed their confusion by J/Slides' press release, as those customers strongly associated the BEACH Mark with Matisse.

19. Customers of Matisse also inquired whether Matisse had sold the BEACH Mark, merged with J/Slides, or collaborated with J/Slides in creating the Infringing Products, as none of the customers understood the Infringing Mark to be separate from Matisse's BEACH Mark.

20. Worse still, Matisse and Defendants will be attending MAGIC, a popular tradeshow in Las Vegas frequented by customers of Matisse, and J/Slides' booth location is scheduled to face directly across from Matisse's booth.

21. A true and correct copy of the floor plan for the MAGIC tradeshow is attached hereto as **Exhibit "B"** and incorporated by reference herein.

22. Plaintiff is informed, believes and based thereon alleges that Defendants' conduct is willful, wanton malicious and in conscious disregard of Plaintiff's rights.

## Parties

23. Matisse is a California corporation with its principal place of business at 1550 Franklin Avenue, El Segundo, California 90245. Matisse is the owner of all right, title and interest in the BEACH Mark.

24. Plaintiff is informed, believes and based thereon alleges that Defendant Styleline Studios International Ltd., d/b/a J/Slides and J/Slides NYC, is a foreign company organized and existing under the laws of Hong Kong, having a place of business at 42/F Bank of China Tower, 1 Garden Road, Central, Hong Kong.

25. Upon information and belief, Defendant JSL Studio Intl LLC, d/b/a J/Slides and J/Slides NYC, is a limited liability company organized and existing under the laws of the State of New York, having a place of business at 55 Lumber Road, Roslyn, New York 11576.

**Jurisdiction and Venue**

26. This is an action for federal unfair competition under 15 U.S.C. § 1125(a), common law trademark infringement, and unfair competition under California state law, which activities have occurred in this district and elsewhere in interstate commerce within the United States.

27. The Court has subject matter jurisdiction under 28 U.S.C. §1331. This Court has jurisdiction over claims in this complaint that arise under California state law pursuant to 28 U.S.C. § 1367 as the California state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

28. Defendants are subject to personal jurisdiction in this district and Court because Defendants conduct business in and/or conducted a substantial part of their infringing and violating conduct in this district.

29. Venue in this district and court is proper pursuant to 28 U.S.C. §1391 because Defendants conduct business in and/or conducted a substantial part of its infringing and violating conduct in this district and because all parties are subject to personal jurisdiction and venue in this district and court.

**First Claim for Relief:**

**Federal Trademark Infringement (15 U.S.C. § 1125(a)(1)(A))**

30. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

31. Plaintiff has continuously used and is still using its BEACH Mark in conjunction with its products. Plaintiff is using its distinctive and unique BEACH Mark to identify and distinguish Plaintiff's footwear products from the footwear products of others.

32. Since at least 2019, Plaintiff has invested its resources, time and effort in advertising and promoting its footwear products using the BEACH Mark in interstate commerce. Plaintiff's footwear products have been and continue to be

sold under and in connection with Plaintiff's BEACH Mark. By virtue of such efforts by Plaintiff and Plaintiff's continuous use of the BEACH Mark, Plaintiff's BEACH Mark has become associated in the minds of consumers and the public with Plaintiff and a valuable goodwill has been built up in the BEACH Mark.

33. By reason of Plaintiff's use of the BEACH Mark in connection with its footwear products, the public has accepted and become aware of Plaintiff's BEACH Mark in connection with Plaintiff's footwear products, and Plaintiff's BEACH Mark is distinctive and signifies Plaintiff's products.

34. Notwithstanding Plaintiff's known and prior rights in its BEACH Mark, Defendants adopted and used and are continuing to use a confusingly similar Infringing Mark for similar products, which compete in the same market and same channels of trade as those of Plaintiff without Plaintiff's consent. Although Defendants are not affiliated in any way with Plaintiff, and Defendants' goods are not authorized, licensed, sponsored, or approved by Plaintiff, Defendants have replicated Plaintiff's BEACH Mark in a manner which is substantially identical to and confusingly similar to Plaintiff's BEACH Mark in appearance, spelling, and sound, and used in connection with goods that are in the same classes of goods as those of Plaintiff. Defendants' use of the Infringing Mark is therefore confusingly similar to Plaintiff's BEACH Mark and constitutes trademark infringement.

35. Further, Defendants have prominently featured the Infringing Mark, which is substantially identical and confusingly similar to Plaintiff's BEACH Mark, in advertising, marketing, and selling of Defendants' Infringing Products.

36. Defendants have infringed and continue to infringe upon the rights of Plaintiff by marketing, advertising, and distributing their products using the Infringing Mark which is identical to and/or confusingly similar to Plaintiff's BEACH Mark in connection with Defendants' sale, advertising, and marketing of the Infringing Products. The goods of Plaintiff and Defendants are all distributed through the same and/or related channels of trade and used by the same class of

consumers.

37. The BEACH Mark is a source of identity associated between Matisse and its footwear products, and is entitled to a broad range of protection.

38. Defendants have had actual and constructive notice of Plaintiff's BEACH Mark and Plaintiff's ownership and use of the BEACH Mark in connection with its products. Upon information and belief, Defendants' infringement of Plaintiff's BEACH Mark has been intentional and deliberate.

39. The infringing use and copying by Defendants of a virtually identical and/or confusingly similar mark to that owned by Plaintiff is likely to cause and has caused confusion, mistake and/or deception of consumers and the general public, to the products offered by Plaintiff and those offered by Defendants. Defendants' copying and use of an identical trademark and/or confusingly similar trademark as that used in connection with Plaintiff's products is likely to confuse and deceive consumers, and the public into believing that Defendants' products are in some way backed by, sponsored by, licensed by, authorized by, approved by, franchised by, associated with or otherwise connected with Plaintiff. Such conduct is deceiving to the public. Such conduct, confusion and deception are causing, and unless enjoined by this Court, will continue to cause Plaintiff immediate and irreparable injury and damage in an amount presently unknown but to be determined at trial.

40. Defendants have intentionally copied and used Plaintiff's BEACH Mark with the intent and result of causing confusion, mistake and deception among the consumers and the public as to the source and quality of Plaintiff's goods, and to "pass off" Defendants' goods as those of Plaintiff. Defendants' acts of trademark infringement have been committed willfully with the knowledge that such acts infringed upon Plaintiff's rights and with the intent to cause confusion, mistake and to deceive consumers and the public.

41. Defendants' infringement of Plaintiff's trademark has been willful, and Defendants have intentionally adopted, copied and used Plaintiff's BEACH Mark

and engaged in such blatant copying of Plaintiff's BEACH Mark in connection with Defendants' products in order to trade on the goodwill and reputation and quality associated with Plaintiff's products and to "palm off" Defendants' products as those of Plaintiff.

42. Plaintiff has no adequate remedy at law unless Defendants' conduct is enjoined by this Court.

## Second Claim for Relief:
## Common Law Trademark Infringement

43. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

44. The unique and distinctive BEACH Mark is a common law trademark identifying and signifying products emanating from Plaintiff exclusively.

45. The acts of Defendants complained of are acts of unprivileged imitation and passing off and constitute common law infringement and unfair competition under the federal law and laws of California and of other states in which Defendants have sold or have offered to sell the Infringing Products using the Infringing Mark complained of herein.

46. The aforesaid acts of infringement and unfair competition have caused irreparable damage to Plaintiff's business, reputation and goodwill and will continue to do so unless enjoined by this Court. As such, Defendants have been unjustly enriched and Plaintiff has suffered damages in an amount within the jurisdictional amount of this Court in an amount to be proven at trial.

47. Defendants have performed and are threatening to perform unlawful, unfair, and fraudulent business practices. Injunctive relief by temporary restraining order, preliminary and permanent injunction should be granted. The conduct by Defendants, described herein, is continuing, and presents an imminent and continuing threat of irreparable injury that cannot be remedied adequately by

ordinary legal remedies, and injunctive relief is necessary to prevent further irreparable injury to Plaintiff.

48. The aforesaid acts of Defendants were done knowingly and in willful and reckless disregard of the rights of Plaintiff, and Defendants' actions were done with malice, oppression and fraud in despicable disregard of the rights of Plaintiff and should be punished with an award of exemplary damages in an amount to be determined at trial.

### Third Claim for Relief:
### False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

49. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

50. This claim for relief for false designation of origin and false representation arises under 15 U.S.C. § 1125(a)(1)(A).

51. Defendants' conduct, including, but not limited to, Defendants' wrongful use and copying of Plaintiff's BEACH Mark, improperly represents that Defendants and Defendants' products are the same as Plaintiff and Plaintiff's products, and/or that Defendants' products are sponsored by, authorized by and/or otherwise affiliated with Plaintiff. Defendants have used and are using in connection with goods a false designation of origin and/or a false description or representation, including words and/or other symbols tending falsely to describe or represent the same and have caused such goods to enter into interstate commerce. Plaintiff has been, and is likely to continue to be, damaged by such false description and representation by reason of the likelihood that consumers and the public have been and/or will be confused, mistaken and/or deceived as to the true source, sponsorship, approval, authorization or affiliation of said goods of Defendants.

52. The conduct of Defendants complained of herein constitutes false designation of origin and/or false representation within the meaning of 15 U.S.C. § 1125(a)(1)(A). Such conduct is likely to cause confusion, and/or mistake and

deceive the public as to the source, origin, affiliation and sponsorship of Defendants' products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

53. Defendants' improper conduct complained of herein has been committed willfully with the knowledge that said conduct falsely describes or represents their products with the intent to cause confusion or mistake and to deceive the consuming public, vendors, manufacturers, distributors or prospective franchisees and others.

54. Defendants threaten to continue the conduct complained of herein and unless enjoined will continue such conduct all to Plaintiff's irreparable damage. Plaintiff has no applicable remedy at law and is suffering irreparable harm as a result of the acts complained of herein.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount not yet ascertained. The precise amount of said damages will be proven at trial.

### Fourth Claim for Relief:
### Federal Unfair Competition

56. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

57. Defendants, by their use in commerce of confusingly similar trademarks as those of Plaintiff, and false representations, have been and are engaging in unfair competition with Plaintiff by unfairly competing with Plaintiff and by causing and/or engaging in conduct likely to cause confuse and/or deceive the public into believing that there is some affiliation, connection, association, origin, sponsorship or approval by Plaintiff of Defendants' goods. Such conduct unfairly competes with Plaintiff by, *inter alia,* trading on the goodwill and reputation of Plaintiff, and/or by confusing and deceiving the public into believing that

Plaintiff's goods and Defendants' goods are the same or are somehow or in some way related, all to the injury and damage of Plaintiff and the public.

58. Defendants' use of trademarks confusingly similar to those of Plaintiff and other wrongful conduct constitute federal unfair competition and/or violates 15 U.S.C. § 1125(a)(1)(B).

59. As a direct and proximate result of the violations charged herein, Plaintiff has been injured in its business and property. Plaintiff has suffered damages including, but not limited to, lost profits and sales, and damage to Plaintiff's business reputation and goodwill. The exact amount of damages suffered by Plaintiff as a result of Defendants' unfair competition will be proven at trial.

## Fifth Claim for Relief:

## Unfair Competition Under California Statutory and Common Law

60. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

61. This claim for relief arises under the California law of unfair competition, California Business and Professions Code §§ 17200 *et seq.* and the California common law.

62. As described herein, Defendants have engaged in acts of unfair competition which injure the business, goodwill and contractual and business relationships of Plaintiff.

63. The acts of Defendants were committed with full knowledge of their impropriety and with the intent to injure the business of Plaintiff. Said acts were accomplished by means of the deceptive use in connection with Defendants' products of a trademark which is confusingly similar to Plaintiff's trademarks. Defendants' goods compete with those of Plaintiff.

64. As a direct and proximate result of Defendants' violations charged herein, Plaintiff has been injured in its business and property. Plaintiff has suffered damages including, but not limited to, lost profits and sales, and damage to Plaintiff's

business reputation and goodwill. The exact amount of damages suffered by Plaintiff as a result of Defendants' conduct will be proven at trial.

65. At the time Defendants committed the unlawful acts, Defendants were guilty of fraud, oppression, malice and a willful and conscious disregard of the rights of Plaintiff in that Defendants willfully adopted and used substantially identical and confusingly similar trademarks to those owned by Plaintiff. Defendants committed the aforementioned acts of unfair competition with a conscious disregard of the rights of Plaintiff and the acts were ratified and authorized by the officers, directors and agents of Defendants. Plaintiff has been oppressed and injured and is entitled to an award of punitive and exemplary damages in an amount to be proven at trial.

66. Defendants' violations alleged herein are continuing and unless restrained will cause irreparable injury to Plaintiff's business and property for which Plaintiff has no adequate remedy of law.

## Prayer for Relief

Wherefore, Plaintiff prays for relief and judgment against Defendant as follows:

1. An order enjoining each of Defendants from engaging in, offering and/or providing goods or services in connection with any name identical to or confusingly similar to Plaintiff's BEACH Mark, including without limitation Defendants' Infringing Products;

2. For an award of Defendants' gains, profits and advantages derived from their trademark infringement and unfair competition, including without limitation Defendants' Infringing Products;

3. For treble damages;

4. For punitive damages;

5. For such other relief as the court deems just, equitable and proper.

## JURY TRIAL DEMANDED

Matisse hereby demands a trial by jury of all issues so triable.

DATED: August 5, 2021

RUSS, AUGUST & KABAT
Larry C. Russ
Irene Y. Lee
Timothy M. Baumann

By: */s/ Larry C. Russ*
Larry C. Russ
Attorneys for Plaintiff
MATISSE FOOTWEAR, INC.